IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CV-00103-FL

| | | |
|---|---|---|
| CARL E. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| BSH HOME APPLIANCES | ) | |
| CORPORATION, BLUE ARBOR, INC., | ) | |
| and TESI SCREENING, INC. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant BSH Home Appliances Corporation's motion to confirm arbitration award. (DE 50). Also before the court is plaintiff's motion for hearing. (DE 49). In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court denies plaintiff's motion and grants defendant's motion. The arbitration award is confirmed.

## BACKGROUND

Plaintiff, proceeding pro se, initiated this action on June 15, 2015, against defendants BSH Home Appliances Corporation ("BSH") , Blue Arbor, Inc. ("Blue Arbor"), and TESI Screening, Inc. ("TESI"). Plaintiff alleges one count of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII claim").

In lieu of answer, on July 16, 2015, defendant BSH filed a first motion to compel arbitration, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4. (DE 14). The court denied

defendant BSH's motion by orders dated January 14 and February 10, 2016.[1] (DE 19, 30 ). Upon review of the evidence, the court found that defendant BSH failed to establish that plaintiff agreed to submit the disputed issues to arbitration.

Following the court's denial of its first motion, defendant BSH filed an amended motion to compel arbitration and stay trial on February 24, 2016.[2] (DE 31). On May 18, 2016, the court granted BSH's amended motion and directed plaintiff to submit the underlying employment dispute, as well as any argument regarding the validity and scope of the disputed dispute resolution policy to arbitration.[3] At that time, the court stayed the case, pending resolution of the arbitration.[4]

Pursuant to the court's directive, defendant BSH and plaintiff participated in arbitration. On October 31, 2016, defendant BSH submitted a motion to dismiss plaintiff's claims to arbitrator Carl Horn, III. Plaintiff responded in opposition on December 3, 2016. On December 9, 2016, the arbitrator issued a final order dismissing the arbitration with prejudice. (DE 49-1 at 18–20). In reaching his conclusion, the arbitrator found that defendant BSH "clearly and credibly established

[1]Defendant filed a motion for relief from the court's January 14, 2016, order on January 28, 2016, which the court denied on February 10, 2016.

[2] Defendant's amended motion revisited arguments raised in support of its first motion to compel arbitration. However, in support of its amended motion defendant BSH offered the following evidence: 1) declaration of John Wilson, defendant BSH's human resources manager, (Wilson Decl., DE 32 at 1–6); 2) a dispute resolution policy promulgated in 2000 ("2000 DRP"); 3) a revised dispute resolution policy, as incorporated in defendant BSH's 2005 Associate Handbook ("revised DRP"); and 4) two documents, signed by plaintiff, which evidence his receipt of the 2000 DRP and the revised DRP. (See Ex. A–E, DE 32 at 7–20).

[3] Prior to the court's May 18, 2016, order, plaintiff obtained counsel, Geneva L. Yourse. (DE 35). After the court granted defendant BSH's amended motion to compel, Yourse moved to withdraw as plaintiff's counsel. (DE 40). The court allowed Yourse's motion over plaintiff's objection. Yourse was terminated as counsel on October 25, 2016.

[4] The court's May 18, 2016, order did not compel defendants Blue Arbor and TESI to arbitration, where defendant BSH did not request such relief. (DE 39 at 12).

[that plaintiff's] employment was conditioned upon his agreement to be subject to a Dispute Resolution Policy ("DRP") which required that most disputes between the employee and his employer be resolved first by submitting to mediation and, if not resolved in the mediation, by binding arbitration administered by the American Arbitration Association." (Id. at 18). The arbitrator found that the "DRP clearly and unequivocally provides that arbitration must be initiated 'within one year of the time the claim accrued or, in the case of a claimed statutory violation, the time limits imposed by the applicable statute of limitations, whichever is longer. . . . '[F]ailure to initiate arbitration within this timeline will forever bar any claim involving that dispute.'" (Id. at 19). Based on this language, the arbitrator concluded that plaintiff's claim presented in arbitration was untimely.

On December 27, 2016, plaintiff filed the instant motion for hearing. Plaintiff contends that arbitration was improper and seeks hearing to present evidence that defendant BSH falsified certain paperwork it relied on to establish plaintiff agreed to arbitrate employment related claims. Defendant BSH filed opposition to plaintiff's motion on January 4, 2017.

On December 28, 2016, BSH filed the instant motion to confirm the arbitration award. (DE 50). Defendant BSH contends that the court should confirm the arbitrator's award, as pursuant to 9 U.S.C. § 9, where no basis to vacate, modify, or correct the award exists. Plaintiff has not responded directly to defendant BSH's motion, however his motion for hearing and related filings set forth several reasons why the court should not dismiss the case.

## STATEMENT OF FACTS

Facts pertinent to the instant motions are summarized as follows. Defendant BSH employed plaintiff from August 11, 2003, until June 15, 2008. Sometime in 2000, defendant BSH promulgated

a "dispute resolution policy," (the "2000 DRP"), which establishes a multi-step procedure for resolving employee grievances arising out of or relating to the employee's employment. (See Ex. D, DE 32 at 16–19). At the time it was promulgated, defendant BSH provided all then-current employees with a copy of the 2000 DRP. As a condition of continued employment, defendant BSH required each employee to agree with the terms of the policy. Defendant BSH also provided a copy of the 2000 DRP to all newly-hired employees. Defendant BSH required all newly-hired employees to sign a form acknowledging receipt of the policy and indicating their assent to the terms contained therein. Defendant BSH provided plaintiff a copy of the policy on August 11, 2003.

As relevant here, the 2000 DRP contains an arbitration provision, which incorporates by reference rules of the American Arbitration Association ("AAA"), and requires any arbitration to occur before the AAA. In June of 2005, defendant created and circulated an employee handbook. The employee handbook incorporates several previously free-standing company policies, including a revised version of the 2000 DRP. (See Ex. B, DE 32 at 11–14). Like the 2000 DRP, the revised DRP requires aggrieved employees to submit employment disputes to arbitration before the AAA. The revised DRP also incorporates by reference AAA rules. Following implementation of the employee handbook, defendant BSH circulated copies of the handbook and all related documents to its then-current employees, who were required to sign an acknowledgment thereof as a condition of continued employment. Plaintiff signed the acknowledgment form on June 23, 2005. (See Ex. B, DE 32 at 7).

On July 28, 2005, defendant BSH terminated plaintiff for reasons, it alleges, related to a rules infraction. Following plaintiff's 2005 termination, plaintiff filed a claim of discrimination with the Equal Employment Opportunity Commission ("EEOC"), wherein he alleged that his termination was

racially motivated. Plaintiff ultimately settled his discriminatory termination claim, and defendant re-hired plaintiff with seniority retroactive to August 11, 2003, plaintiff's original hire date. Thereafter, plaintiff continued to work for defendant BSH until he voluntarily left in June 2008.

In July 2013, plaintiff reapplied to work at defendant BSH. At that time, defendant BSH informed plaintiff that he had to apply for the position through defendant TESI, Inc., a temporary staffing agency now known as defendant Blue Arbor, Inc. Sometime in August of 2013, after plaintiff submitted his application to defendant TESI, defendant BSH rejected plaintiff's application, allegedly citing as its reason plaintiff's prior EEOC action.

## DISCUSSION

A.    Standard of Review

The FAA provides:

> If the parties . . . agree[] that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, the such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

A federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the FAA, 9 U.S.C. § 10(a), or upon a showing of one of certain limited common law grounds. MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010). Under the FAA a court may vacate an arbitration award for the following reasons: 1) the award was procured by fraud; 2) there was evidence of partiality or corruption in the arbitrator; 3) the arbitrator engaged in "misconduct in refusing to postpone a hearing," refused to "hear evidence pertinent and

material to the controversy," or engaged in "any other misbehavior by which the rights of any party have been prejudiced ;" or 4) the arbitrator exceeded his authority. 9 U.S.C. § 10(a). The permissible common law grounds for vacating an award "include those circumstances where an award fails to draw its essence from the contract, or the award evidenced a manifest disregard of the law." Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006).

The FAA permits a court to modify or correct an arbitration award, "so as to effect the intent thereof and promote justice between the parties," for the following reasons: 1) "there was an evident miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;" 2) the arbitrator has "awarded on a matter not submitted to [him];" or 3) "the award is imperfect in matter of form and not affecting the merits of the controversy." 9 U.S.C. § 11.

A court's authority to review an arbitration award is "substantially circumscribed." Patten, 441 F.3d at 234. Indeed, "the scope of judicial review for an arbitrator's decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all– the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." Three S Delaware, Inc., v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (citation and internal quotations omitted). In reviewing an award, a district court "is limited to determine whether the arbitrators did the job they were told to do– not whether they did it well, or correctly, or reasonably, but simply whether they did it." Id. (citation and internal quotations omitted).

B.      Analysis

The court turns to the motions at issue, of or relating to the enforceability of the arbitration

6

award.  Defendant seeks to confirm the arbitration award under the FAA.  Plaintiff seeks hearing

to present evidence that arbitration was improper, which the court construes in part as a motion to

vacate the arbitration award.

As addressed in the court's May 18, 2016, order, plaintiff agreed to the following terms in

the DRP:

> **Arbitration:** If the dispute is not resolved through mediation, the dispute shall be
> resolved by exclusive, final and binding arbitration by the AAA before a single,
> neutral [a]rbitrator knowledgeable in employment law who shall follow applicable
> state and federal law and whose decision shall be final and binding upon both the
> Company and the employee.  Judgment upon an award rendered by the [a]rbitrator
> may be entered in any court having jurisdiction.

(Ex. B, DE 32 at 12; See Order, DE 39 at 9, 11-12).  The parties also agreed that "employees must

initiate arbitration within one year of the time the claim accrued or, in the case of a claimed statutory

violation, the time limits imposed by the applicable statute of limitations, whichever is longer."

(Id.).

Under circumstances presented here, there exists no basis to vacate, modify, or correct the

arbitration award.  In his motion for hearing, plaintiff amplifies upon arguments which have

resonated throughout the course of the litigation.  Plaintiff asserts that the arbitration agreement is

unenforceable, and therefore, the arbitration award must be vacated.  Plaintiff seeks to show

evidence that the arbitration agreement was falsified.[5]  Plaintiff also asserts procedural irregularities,

---

[5]  Plaintiff offers a CD recording as evidentiary support for his contention that defendant BSH
falsified certain paperwork. In a notice to the court, plaintiff asks the court to rule on the
admissibility of this evidence. Where, as discussed herein, the court denies plaintiff's motion for
hearing, the court need not address whether or not the CD would have been admissible.

including the arbitrator's alleged failure to hold hearing and refusal to hear pertinent evidence.[6]

Contrary to plaintiff's suggestion, the arbitrator did not refuse to hear pertinent evidence. Although the arbitrator postponed hearing pending resolution of defendant BSH's motion to dismiss, plaintiff had an opportunity to present evidence regarding the arbitrability of his claims in response to defendant BSH's motion to dismiss. As reflected in the record, plaintiff took advantage of this opportunity by submitting to the arbitrator several documents and exhibits. (See DE 49-1 at 4, 18).[7] Furthermore, plaintiff cannot show under these circumstances that arbitration was improper. To the extent plaintiff suggests that the arbitration award was procured by fraud on the basis that the matter was submitted to arbitration as the result of certain falsified evidence, the court previously found that "plaintiff's self-serving, unsupported accusations fail to create a meaningful dispute of fact" that he did not agree to arbitrate issues regarding arbitrability. (DE 39 at 10). For these reasons, defendant BSH's motion to confirm arbitration award must be allowed. Where there exists no basis to vacate, modify, or correct the arbitration award, plaintiff's motion for hearing is denied.

## CONCLUSION

Based on the foregoing, defendant BSH's motion to confirm arbitration award (DE 50), deemed directed to the December 9, 2016, arbitration award is GRANTED. Plaintiff's motion for hearing, which the court construes in part as a motion to vacate or modify the arbitration award, is

---

[6] Relying on emails exchanged between the parties and the arbitrator, plaintiff also suggests that the arbitrator violated certain ethics rules by engaging in ex parte communication with defendant BSH. Specifically, plaintiff contends that the arbitrator asked defendant BSH to produce copies of relevant documents from this court's docket, without plaintiff's knowledge. However, defendant BSH sent plaintiff copies of all documents it submitted to the arbitrator. (See DE 49-1 at 8).

[7] In recent filings plaintiff even concedes that if provided hearing now, "he will be saying the same things to the court." (DE 56 at 2).

DENIED. Plaintiff's claims against defendant BSH are DISMISSED in accordance with the terms of the arbitration award.

Where arbitration has been resolved, the court LIFTS stay as to remaining defendants. Initial order regarding planning and scheduling as will follow.

SO ORDERED, this the 11th day of July, 2017.


LOUISE W. FLANAGAN
United States District Judge